UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SANDRA F. GRUSETH,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | 4:15-CV-04108-KES<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DEADLINES AND GRANTING DEFENDANT'S MOTION TO DISMISS |

　　　　Plaintiff, Sandra F. Gruseth, challenges the Social Security Administration's denial of her claim for benefits under the Social Security Disability Insurance Program. Docket 1. Defendant, Carolyn W. Colvin, moves to dismiss Gruseth's claim—arguing Gruseth failed to file an appeal within the 60-day statute of limitations. Docket 13. Gruseth, in response, requests that the court toll the statute of limitations. Docket 16. This court denies Gruseth's motion to toll the statute of limitations and grants Colvin's motion to dismiss.

## BACKGROUND

　　　　This case stems from the denial of Gruseth's claim for Title II and Title XVIII benefits by the Commissioner of Social Security Administration. Gruseth first applied for Social Security Disability Insurance and Medicare benefits in 2009. Attorney Rick Ribstein represented her throughout the administrative

process. The state agency, Administrative Law Judge (ALJ), and Appeals Council denied Gruseth's claim. Gruseth filed an appeal with this court. While the case was in federal district court, Attorney Catherine Ratliff represented Gruseth. On June 7, 2012, this court reversed the Commissioner's decision and remanded the case for further proceedings.

Ribstein represented Gruseth during the subsequent administrative hearing. Docket 17-2 at 1. But again the administrative law judge denied Gruseth's claim. Docket 14 at 1. Gruseth filed exceptions to the decision, and the Appeals Council upheld the ALJ's ruling. The Appeals Council issued its decision on April 3, 2015, and stated in the decision that Gruseth had 60 days from the date of receipt of the decision to file an appeal in federal district court. *Id.* at 1-2. The Appeals Council decision says: "cc: Sandra F. Gruseth," with her correct address. *Id.* at 2. Gruseth states she never received the notice from the Appeals Council and that she first learned about the Appeals Council's decision on April 20, 2015, in a letter from Ribstein. Docket 17-1 at 2. In the letter Ribstein explained that he had "emailed a copy of the decision to Catherine Ratliff" and that he assumed Ratliff would contact him and Gruseth. *Id.* Ratliff confirms that Ribstein's office contacted her on April 14, 2015, telling her about the unfavorable decision Gruseth received and that on April 17, 2015, Ribstein's assistant emailed Ratliff saying that Ribstein's office would "try to contact Sandra to see what she had in mind. . . . I will let you know once I have talked with her." Docket 17-2 at 2. A month later, on May 17, 2015, Ratliff

2

emailed Ribstein asking if Gruseth wanted to appeal. *Id.* Ratliff now believes the email did not get delivered. *Id.*

During the week of May 18, 2015, Gruseth called Ratliff about a potential appeal, but Ratliff was away from her office until after the Memorial Day holiday. Docket 17-1 at 2. Finally, on Friday, June 5, 2015—63 days after the Appeals Council reached its decision—Gruseth spoke with Ratliff about appealing the Commissioner's denial of benefits. *Id.* Ratliff could not discuss Gruseth's case on that day, but Ratliff spoke with Gruseth the next day, June 6, 2015. *Id.* On that day, Ratliff contacted Gruseth to complete an in forma pauperis application. *Id.* Ratliff did not know when the statute of limitations was set to expire, but Ratliff believed the deadline was approaching. *Id.* at 2-3. On Monday, June 8, 2015, Ratliff received an email from Ribstein saying the Appeals Council's decision was dated April 3, 2015. *Id.* at 3. After calculating the statute of limitations, Ratliff learned that Gruseth's appeal needed to be filed that day, June 8, 2015. Docket 17-2 at 3. Ratliff emailed Gruseth the documents necessary to file her appeal and left a voicemail telling Gruseth that the paperwork needed to be filed immediately. *Id.* Because Gruseth was ill, she did not check her email or voicemail until the following day. Docket 17-1 at 3. On June 9, 2015, Gruseth filed her complaint appealing the Commissioner's decision. *Id.* Gruseth missed her filing deadline by 1 day.

## DISCUSSION

Individuals challenging a final decision by the Commissioner of Social Security Administration in federal district court must file their civil complaint

within 60 days of notice of the decision. 42 U.S.C. § 405(g); *see* 20 C.F.R. § 404.981. A person is presumed to have received notice 5 days after the date on the Commissioner's decision.[1] *See* 20 C.F.R. §§ 404.901 and 422.210(c). Thus, for example, if the Commissioner's decision is dated June 1, 2014, the claimant is presumed to have received the decision on June 6, 2014, and the claimant must file the civil complaint by August 5, 2014. The United State Supreme Court views the 60-day deadline as a statute of limitations issue, not a jurisdictional requirement. *Bowen v. City of New York*, 476 U.S. 467, 476 (1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)). Here both parties agree Gruseth did not file her complaint within the statute of limitations period, but Gruseth asks the court to "equitably toll the deadline for one day . . . ." Docket 17 at 3; Docket 14 at 2.

The United States Supreme Court has held equitable tolling may be applied to the 60-day statute of limitations set by 42 U.S.C. § 405(g). *City of New York*, 476 U.S. at 480. In *City of New York*, the Supreme Court analyzed whether equitable tolling was consistent with Congressional intent. *Id.* The Supreme Court highlighted that the Social Security statutes are " 'usually

---

[1] The presumption can be overcome by "a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). If such a showing is made, the Commissioner may extend the time to respond. *Id.* The Eighth Circuit Court of Appeals has explained that the 60-day statute of limitations is triggered when either the claimant or the claimant's attorney receives notice. *Bess v. Barnhart*, 337 F.3d 988 (8th Cir. 2003). Here Gruseth is unable to show when attorney Ribstein received the Appeals Council's decision, and Gruseth did not ask the Commissioner to extend her time to respond. *See* Docket 17 at 2. Thus, this court presumes Gruseth received notice of the Appeals Council's decision on April 8, 2016, and that the statute of limitations expired on June 8, 2016.

protective' of claimants." *Id.* (quoting *Heckler v. Day,* 467 U.S. 104, 106 (1984)). The Supreme Court reasoned that because Congress authorized the Secretary of Health and Human Services to toll the 60-day statute of limitations that Congress intended to allow tolling in at least some cases. *Id.* Thus, the Supreme Court concluded equitable tolling was allowed under 42 U.S.C. § 405(g), and the Court applied the doctrine. *See id.* at 481-82.

The Eighth Circuit Court of Appeals has elaborated on when equitable tolling is applicable. The Eighth Circuit has explained equitable tolling is available when the government engages in some type of misconduct or when the claimant acts in "gross, but good-faith, error . . ." such as by filing a defective pleading. *Medellin v. Shalala,* 23 F.3d 199, 204 (8th Cir. 1994); *see Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990). The Eighth Circuit describes equitable tolling as an "extraordinary remedy" that should be granted only sparingly. *Medellin,* 23 F.3d at 204. The courts have been "less forgiving" when "the claimant failed to exercise due diligence in preserving his legal rights." *Id.* (quoting *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)). In *Medellin,* the Eighth Circuit declined to toll the statute of limitations and certify a class of plaintiffs when claimants failed to file a suit in federal district court within 60 days of receiving their administrative decision. *Id.* at 202, 205. Because the claimants were not influenced by any misconduct of the Secretary or affected by a secret, internal policy, equitable tolling was denied.

*Medellin* is consistent with the Eighth Circuit Court of Appeals' case law declining to apply the doctrine of equitable tolling in Social Security cases. In

5

*Turner v. Bowen*, 862 F.2d 708, 709-10 (8th Cir. 1988), the Eighth Circuit denied equitable relief when the claimant was illiterate and represented by a state legislator, instead of an attorney, during the administrative process. *Id.* The Eighth Circuit explained equitable tolling is generally available when the claimant is influenced by someone else's "misleading" or "fraudulent" conduct. *Id.* at 710 (citing *Smith v. McClammy*, 740 F.2d 925, 927 (11th Cir. 1984)). But " 'ignorance of legal rights does not toll a statute of limitations.' " *Id.* (quoting *Larson v. Am. Wheel & Brake, Inc.*, 610 F.2d 506, 510 (8th Cir. 1979)).

In *Turner*, the Eighth Circuit cited with approval *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988), where the Second Circuit Court of Appeals held that equitable tolling was not available because of a claimant's poor health. *Id.*; *Wong*, 854 F.2d at 631. In *Wong*, the Second Circuit explained that "[a]llowing disability claimants who have been denied benefits to toll the sixty-day period on grounds of poor health would thoroughly undermine Section 205(g)'s sixty-day limitation period." *Wong*, 854 F.2d at 631. The Second Circuit noted that "[e]quitable tolling thus far [had] been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." *Id.* (citing *City of New York*, 476 U.S. at 480-81); *cf. Pittston Coal Grp. v. Sebben*, 488 U.S. 105 (1988) (holding plaintiffs could not later challenge an agency's adjudication because "[t]he agency action [] was not taken pursuant to a secret, internal policy, but under a regulation that was published for all to see").

The Eighth Circuit Court of Appeals has also explained that a failure to find counsel or have counsel file an appeal is not grounds for equitable tolling. In *Conley v. Bowen*, 781 F.2d 143, 145-46 (8th Cir. 1986), the Eighth Circuit held that the 60-day statute of limitations was not tolled even though the claimant "failed to obtain assistance of counsel as a result of a termination of benefits . . . ." *Id.* In *Hammonds v. Bowen*, 870 F.2d 446 (8th Cir. 1989), the Eighth Circuit denied equitable tolling when the claimant's attorney failed to appeal within the 60-day time frame. *Id.* at 448 (citing *Conley*, 781 F.2d at 145-46). In both cases, equitable tolling did not extend the statute of limitations.

In this case, Gruseth does not allege any misconduct by the Secretary of Health and Human Services or the Social Security Administration. Instead, Gruseth seeks equitable tolling based on her chronic illness and the fact that tolling will not inflict harm or inconvenience on Colvin. As explained in *Wong*, however, illness is generally not a reason for tolling the 60-day statute of limitations. *Wong*, 854 F.2d at 631. Otherwise, all Social Security claimants could argue that equitable tolling applied to their case. And even though tolling the statute of limitations by one day would not substantially prejudice Colvin, prejudice is not the standard for applying equitable tolling in Social Security appeals. The question is whether Gruseth was misled by the government's actions or whether Gruseth acted in "gross, but good faith" error. *Medellin*, 23 F.3d at 204 (quoting *Irwin*, 498 U.S. at 96). The answer to both inquiries is no. The government did not mislead Gruseth, and Gruseth makes no such claim. Gruseth also did not act with the same good faith error recognized in *Irwin*,

where the court explained equitable tolling is available to a claimant who files a defective pleading. *Irwin*, 498 U.S. at 96 (citations omitted). Here Gruseth did not request an extension of time from the Commissioner, and she did not file a civil complaint during the 60-day period. The reason why the statute of limitations passed without an appeal is because of a breakdown in communication. Given the Eighth Circuit Court of Appeals' history of denying equitable tolling where the government has not misled, deceived, or acted wrongfully, equitable tolling is not applicable here.

## CONCLUSION

Equitable tolling is an extraordinary remedy that should be granted sparingly. Because Gruseth does not allege any government misconduct and cannot show that she exercised due diligence in preserving her legal rights, equitable tolling does not apply to this case. Accordingly, it is

ORDERED that plaintiff's motion to extend deadlines to file complaint (Docket 16) is denied.

IT IS FURTHER ORDERED that defendant's motion to dismiss (Docket 13) is granted.

DATED this 8th day of July, 2016.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE